UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON JACOBS,

    PLAINTIFF,

VS.                                          CASE NO.

MORENCI AREA SCHOOLS,          HON.

    DEFENDANT.

---

# COMPLAINT

*Plaintiff, Sharon Jacobs, by and through his attorneys, asserts there is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.*

Plaintiff, Sharon Jacobs, by and through her attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint against Defendant, Morenci Area Schools.

## JURY DEMAND

NOW COMES PLAINTIFF, Sharon Jacobs, and hereby makes her demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, Plaintiff, Sharon Jacobs (hereinafter referred to as "Plaintiff" or "Ms. Jacobs"), was a resident of Williams County in the State of Ohio.

1

2. Defendant, Morenci Area Schools (hereinafter referred to as "Defendant" or "MAS"), is a Michigan public school and with its principal place of business in Lenawee County, Michigan.

3. All relevant actions, giving rise to this complaint, took place in Lenawee County, State of Michigan.

4. Jurisdiction of this Court is invoked pursuant to; 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1331.

5. Venue of this Court is pursuant to 28 U.S.C. § 1391(b), the judicial district in which a substantial part of the events giving rise to this claim occurred.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## STATEMENT OF FACTS

7. Plaintiff, Sharon Jacobs, is a disabled woman who began working for Defendant, Morenci Area Schools, in August 2023 as a teacher.

8. Shortly after beginning her employment, Plaintiff was under a lot of stress due to lack of support and behavior assistance.

9. Plaintiff sustained a psychiatric injury causing her symptoms such as nausea, diarrhea, upset stomach, and other issues requiring medication.

10. On October 31, 2023, Plaintiff obtained a doctor's note disabling her from work for the remainder of the week due to a decline in her mental health as a result of a stressful work environment.

11. While on sick leave, Plaintiff was constantly texted by the principal to work, including submitting non-essential grades.

12. Plaintiff was offered to meet with the staff counselor as an accommodation for her disability, which was humiliating and embarrassing.

13. Plaintiff was guilt-tripped on multiple occasions to work despite being on sick leave.

14. Plaintiff was in fear of termination if she did not abide by the continued requests to work during her sick leave.

15. On November 3, 2023, Plaintiff's doctor faxed a doctor's note disabling her from work with an unknown return date. However, Plaintiff resigned in fear that her accommodation request would be denied.

16. On November 5, 2023, Plaintiff attempted to rescind her resignation but did not receive a response to her efforts.

17. On November 7, 2023, Plaintiff was informed that her resignation was unanimously accepted by the board during a meeting.

18. Defendant failed to adequately accommodate Plaintiff's disability due to a decline in her mental health relating to her employment.

19. Plaintiff attempted to address the lack of support and request for accommodation but was ignored and dismissed.

20. Furthermore, the denial of her request for accommodation along with the continuous guilt-tripped conduct of Defendant's agents contributed to an already stressful work environment.

21. As a result of the constant disregard of her disability, Plaintiff suffered from severe emotional distress and financial hardship.

22. Plaintiff filed a Charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

23. The charge number for the EEOC is 23A-2024-00480.

24. The EEOC issued a right to sue letter on August 26, 2025, allowing Plaintiff ninety (90) days from the date of receipt to file her lawsuit.

25. The charges to the EEOC claim discrimination based upon Disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT ("ADA") , 42 U.S.C. 12101, et seq.

26. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

27. At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the ADA.

28. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

29. Plaintiff informed Defendant of her diagnosis of mental health disability within the meaning of the ADA.

30. Plaintiff's disabilities under the ADA are qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

31. Section 12112(a) of the ADA, makes it illegal to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

32. Plaintiff was discriminated against on the basis of her disability when Defendant treated her differently based upon her disability and treatment related to that disability.

33. Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

34. But for Defendant's illegal discrimination, Plaintiff would not have been damaged nor discharged.

35. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

36. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

37. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITY CIVIL RIGHTS ACT, MCL 37.1201, et seq. ("PWDCRA")

38. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

39. At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the PWDCRA.

40. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

41. Plaintiff has a mental health disability within the meaning of the PWDCRA.

42. Plaintiff's disability is qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

43. MCL 37.1202(b) makes it illegal to, "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions,

6

or privileges of employment, because of a disability … that is unrelated to the individual's ability to perform the duties of a particular job or position."

44. Plaintiff was discriminated against on the basis of her disability when Defendant treated her differently based upon her disability and treatment related to that disability.

45. Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

46. But for Defendant's illegal discrimination Plaintiff would not have been damaged.

47. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

## COUNT III

## WRONGFUL DISCHARGE IN VIOLATION OF MICHIGAN PUBLIC POLICY

48. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

49. It is the longstanding public policy of the State of Michigan that there are three exceptions to the employment at-will doctrine, and an employer can be found to be liable for wrongful discharge. They are:

    a. explicit legislative statements prohibiting the discharge, discipline or other adverse treatment of employees who act in accordance with a statutory right or duty;

    b. where the alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course or employment; and

    c. where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.

50. Plaintiff's discharge came as the result of her raising concerns regarding the lack of support and denial of accommodation request.

51. As a result of Defendant's actions, and consequent harms caused, Plaintiff has suffered such damages in an amount to be proven at trial.

52. Plaintiff requests relief as described in the Prayer for Relief below.

## **RELIEF REQUESTED**

PLAINTIFF, Sharon Jacobs, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory and pecuniary damages in whatever amount to which Plaintiff is entitled;

2. Exemplary and/or punitive damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5.     An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: November 24, 2025

                           Respectfully Submitted,

                           /s/*Thameka I. Hall*
                           Carla D. Aikens (P69530)
                           Thameka I. Hall (P79693)
                           CARLA D. AIKENS, P.L.C.
                           *Attorneys for Plaintiff*
                           615 Griswold Ste. 709
                           Detroit, MI 48226
                           carla@aikenslawfirm.com
                           thameka@aikenslawfirm.com