UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON JACOBS,

Plaintiff,

Case No. 2:25-cv-13770

v.

Honorable Susan K. DeClercq
United States District Judge

MORENCI AREA SCHOOLS,

Defendant.
________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO AMEND IN PART (ECF No. 17), DENYING AS MOOT DEFENDANT'S MOTIONS (ECF Nos. 11; 12), AND PUTTING PLAINTIFF'S COUNSEL ON NOTICE OF POSSIBLE SANCTIONS**

Before this Court is Plaintiff Sharon Jacobs's motion for leave to amend her complaint filed after the deadline to do so has already passed. Her counsel, Carla Aikens, provides an explanation that presents two distinct periods of delay: the amendment was prepared after the deadline had already passed, and an internal filing omission then delayed its submission for approximately eight more weeks. Although Aikens's handling of the filing is irksome, this Court credits the sworn explanation and will find good cause for a limited modification in part in light of the corrective effort undertaken after Defendant Morenci Area Schools's pleading challenge, the prompt filing upon discovery of the omission, and the limited prejudice from the proposed amendment.

This Court will grant leave to amend in part, but deny leave for amendments that would be futile. Upon the filing of an amended complaint consistent with this Opinion and Order, this Court will deny Morenci Area Schools's pending motions for judgment on the pleadings and to stay discovery as moot. This Court will also permit the parties to propose a revised scheduling order as needed and expressly warns Aikens that further noncompliance or unjustified delay may result in sanctions.

## I. BACKGROUND

On November 24, 2025, Jacobs sued Defendant Morenci Area Schools ("MAS") under the Americans with Disabilities Act ("ADA"), Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), and Michigan public policy, alleging disability discrimination and a failure to accommodate her need for medical leave. ECF No. 1. The original Complaint alleges that Jacobs experienced a psychiatric injury while employed as a teacher, received medical restrictions that prevented her from working, resigned out of fear that accommodation would be denied, and later unsuccessfully attempted to rescind her resignation. *Id.* at PageID.2–3.

The scheduling order set May 25, 2026, as the deadline to amend pleadings. ECF No. 10 at PageID.62. After that deadline passed, MAS moved for judgment on the pleadings on June 29, 2026, arguing that the Complaint failed to state viable

claims. ECF No. 11. Jacobs responded on July 20, 2026, and MAS replied on August 3, 2026. ECF No. 14; ECF No. 16. MAS also sought a discovery stay pending resolution of that motion. ECF No. 12. That motion is also fully briefed. ECF Nos. 13; 15.

But on September 16, 2026, Jacobs filed a motion for leave to amend the Complaint. ECF No. 17. According to Aikens's declaration in support of the motion, her firm prepared the amendment motion, supporting brief, proposed amended complaint, and redline on or about July 21, 2026. *Id.* at PageID.184. Aikens sought concurrence on July 22, 2026, and MAS declined that day. *Id.* at PageID.185. Aikens states "that the amendment package" was inadvertently not filed during an attorney transition within her firm, that she believed it had been filed, and that she discovered the omission on September 16, 2026. *Id.* The motion for leave to amend was then filed that day. *See id.*

The proposed amended complaint appears to address the pleading deficiencies identified in MAS's motion for judgment on the pleadings by adding details concerning Jacobs's impairment, ability to return to teaching after treatment, request for temporary unpaid leave, and attempted withdrawal of her prospective resignation. *Compare* ECF No. 11 at PageID.80, 83–86, 91–92, *with* ECF No. 17-1 at PageID.189–94. It separately states discrimination and accommodation claims under the ADA and PWDCRA and retains a public-policy claim pleaded in the

alternative. *Id.* at PageID.195–200. Jacobs does not seek to add new parties, and she represents that the amendment will not require enlarging discovery or postponing any deadlines. ECF No. 17 at PageID.170, 182. MAS opposes the motion as untimely and futile. ECF No. 18 at PageID.226–27.

This Court finds that a hearing on the motions is not necessary and will decide them on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

When a party seeks leave to amend after the deadline established by a scheduling order, Civil Rule 16(b) requires a showing of good cause to modify that deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003); FED. R. CIV. P. 16(b)(4). Diligence is the principal consideration, and this Court must also evaluate prejudice to the opposing party. *Leary*, 349 F.3d at 906–09; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625–26 (6th Cir. 2002). The liberal amendment policy of Civil Rule 15 does not displace Civil Rule 16's threshold requirement. *Leary*, 349 F.3d at 909.

If good cause exists, Civil Rule 15(a)(2) directs courts to freely give leave when justice requires. FED. R. CIV. P. 15(a)(2). When deciding a motion to amend, courts consider the following factors: "undue delay or bad faith in filing the motion, repeated failures to cure previously identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019);

*see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "repeated failure to cure deficiencies by amendment despite an opportunity to do so constitutes a sufficient basis on which to deny a request for leave to amend." *Ogle v. Hocker*, No. 02-73200, 2004 WL 7340719 at *1 (E.D. Mich. Aug. 5, 2004). A proposed amendment is futile if it "could not withstand a Rule 12(b)(6) motion to dismiss." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## III. DISCUSSION

### A. Motion to Amend

This Court first addresses whether the delay preceding preparation of the amendment was undue or in bad faith. *See Knight Cap.*, 930 F.3d at 786. The July 21 preparation date was approximately eight weeks after the May 25 amendment deadline. ECF No. 17 at PageID.184. In assessing diligence under Civil Rule 16, this Court first considers whether Jacobs knew the facts supporting the proposed amendment before the amendment deadline. *See Leary*, 349 F.3d at 908. Jacobs identifies no newly discovered facts underlying the proposed amendment; the additional allegations concern her own condition, communications, and employment separation. ECF No. 17-1 at PageID.189–94. Counsel Aikens's belief that the

original Complaint was sufficient, and the fact that MAS had answered it, did not suspend the amendment deadline. *See* ECF No. 17 at PageID.169–70.

Nevertheless, the absence of newly discovered facts does not end the inquiry. Prompt efforts to remedy pleading deficiencies with proposed amendments that do not prejudice a defendant can constitute good cause for leave to amend. *Inge*, 281 F.3d at 625-26. Here, MAS's June 29 motion presented a detailed challenge to the original Complaint, and Aikens prepared a corrective pleading approximately three weeks later. ECF Nos. 11 at PageID.63–97; 17 at PageID.184. Seeking concurrence the next day further demonstrates that Aikens took concrete steps toward requesting leave. *See Inge*, 281 F.3d at 625–26. This Court will find that effort responsive to the identified deficiencies, even though the amendment should have been sought earlier. *But see Ogle*, 2004 WL 7340719, at *1 (noting that courts may deny leave to amend for repeated failures to responsively cure deficiencies).

The subsequent filing lapse is more difficult to justify. Preparing a motion is not the same as filing one, and approximately eight additional weeks passed before the motion reached this Court. *See* ECF No. 17 at PageID.184–85. Aikens was responsible for ensuring that the intended filing occurred. Her declaration does not identify any effort during that interval to verify the filing or monitor the motion's status. *Id.* at PageID.185. The attorney transition explains how the filing was missed, but it does not explain why counsel failed to verify the filing for approximately eight

weeks. *Cf. Inge*, 281 F.3d at 626 (observing that the plaintiff appropriately moved for leave to amend within days after the court identified the pleading deficiencies in its dismissal order).

This Court nonetheless credits Aikens's sworn account that the omission was inadvertent, that she believed the motion had been filed, and that she acted promptly upon discovering otherwise. ECF No. 17 at PageID.185. The preparation of a completed amendment package and the contemporaneous concurrence request distinguish this record from one showing no effort to pursue amendment until months after the need became apparent. *Cf. Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming denial of leave where the plaintiff knew the basis of the claim for months but offered no justification for waiting until discovery and dispositive-motion deadlines had passed and a summary-judgment motion had been filed). Taking the demonstrated corrective effort and the action upon discovery together, the Court finds there is sufficient diligence to permit this particular amendment despite the intervening lapse.

The prejudice inquiry also supports that conclusion. *See Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814 (E.D. Mich. 2016) (stating that prejudice may arise where defendants would have to defend against new claims). The proposed complaint concerns the same parties and employment events, and Jacobs represents that discovery remains open through December 11, 2026, with no trial date set. ECF

No. 17 at PageID.170, 178. *See Martin*, 198 F. Supp. 3d at 814. MAS, however, identifies additional litigation expense from the amendment. ECF No. 18 at PageID.255. This Court recognizes the cost of renewed briefing. But the prejudice inquiry considers whether amendment would require significant additional discovery or trial preparation, or significantly delay resolution of the case. *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Here, the proposed amendment adds detail about the same employment events alleged in the original complaint, and MAS identifies no discovery it would need to repeat or expand because of the amendment. *Compare* ECF No. 1 at PageID.2–4, *with* ECF No. 17-1 at PageID.189–94; ECF No. 18 at PageID.254–55. On this record, the additional briefing expense does not establish undue prejudice. And MAS identifies no discovery it would need to repeat or expand because of the amendment. *See* ECF No. 18 at PageID.254–55. *Compare Leary*, 349 F.3d at 908–09 (affirming that granting leave to amend would prejudice the defendant where the amendment would recast the plaintiffs' theory and require reopening discovery), *with Inge*, 281 F.3d at 626 ("[W]e envision no prejudice to [the D]efendant from granting leave to amend" where the proposed amendment addressed pleading deficiencies in existing claims). The limited prejudice does not independently establish good cause but instead reinforces this Court's assessment of counsel's corrective effort. *See Inge*, 281 F.3d at 626.

Finally, MAS argues that the proposed amendment is futile because Jacobs still fails to state viable discrimination, accommodation, or public-policy claims. ECF No. 18 at PageID.240–53. A proposed amendment is futile if it could not withstand a motion to dismiss under Civil Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The proposed pleading adds allegations that Jacobs requested temporary unpaid medical leave before submitting her prospective resignation, that treatment would permit her to resume teaching, and that access to a staff counselor did not address her need for leave. ECF No. 17-1 at PageID.189–92. It also alleges that MAS denied the requested leave on November 6, 2023. *Id.* at PageID.193.

Jacobs's proposed ADA discrimination claim in Count I is not futile. To state that claim, Jacobs must allege facts plausibly showing that she has a disability, could perform her job's essential functions with or without reasonable accommodation, and would not have been discharged (i.e., suffered an adverse employment action) but for her disability. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020). She alleges a psychiatric impairment substantially limiting her ability to concentrate, think, and work, and that temporary medical leave would have permitted her to obtain treatment and resume teaching. ECF No. 17-1 at PageID.189–91. Jacobs's temporary inability to teach does not itself establish that she was unqualified: When medical leave is the proposed accommodation, the relevant inquiry is whether she

could perform her essential job functions upon returning from that leave. *See Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1229 (6th Cir. 2022)

MAS principally disputes whether Jacobs suffered an adverse employment action, arguing that she voluntarily resigned. ECF No. 18 at PageID.242–46. But the proposed pleading adds allegations concerning the resignation's expressly prospective terms: Jacobs requested that it take effect "when sick leave runs out," and she alleges that she sought to withdraw it before that occurred. ECF No. 17-1 at PageID.192–93. Although a public employee's resignation generally does not require formal acceptance, whether it takes effect upon submission depends on whether the employee expressed an intention that it take effect at a future date. *See Schultz v. Oakland County*, 466 N.W.2d 374, 377 (Mich. Ct. App. 1991). Jacobs expressly identified a future condition. That distinction does not itself establish a right to rescind, but it undermines MAS's contention that her employment necessarily ended when she submitted the resignation.

Jacobs further alleges that MAS knew of her psychiatric impairment through her medical documentation and communications, denied her request for unpaid medical leave, and treated her employment as terminated on November 6. ECF No. 17-1 at PageID.190–94. Taken together, the alleged work demands during her medically excused absence, the close sequence of her disability disclosures and separation, and the circumstances surrounding her conditional resignation support a

plausible inference at this stage that MAS ended her employment because of her disability. *Id.* Accepting those allegations as true and drawing reasonable inferences in Jacobs's favor, this Court concludes that Count I survives futility review.

Jacobs's proposed ADA failure-to-accommodate claim in Count II likewise survives futility review. Jacobs's proposed ADA accommodation claim includes materially more specific allegations. She alleges psychiatric impairment substantially limiting her ability to concentrate, think, and work; an October 30 request for temporary unpaid medical leave; and an ability to resume teaching following treatment. ECF No. 17-1 at PageID.189–90. Medical leave can constitute a reasonable accommodation under the ADA. *Blanchet*, 27 F.4th at 1229–30.

MAS argues that it lacked sufficient notice of Jacobs's disability, had already accommodated her request, and owed no further accommodation obligation after her resignation. ECF No. 18 at PageID.246–50. But Jacobs alleges that her medical documentation and communications disclosed her psychiatric impairment and need for leave, that counseling did not address her medical restrictions, and that MAS denied the requested unpaid leave on November 6. ECF No. 17-1 at PageID.190–93. She also alleges that her resignation was prospective and conditioned on exhaustion of sick leave, and that she sought accommodation before submitting it. *Id.* at PageID.190, 192–93. These allegations distinguish her accommodation claim from a request first made after employment ended. Although the absence of an

estimated return date raises a substantial question about the reasonableness of the requested leave, medical leave is not categorically unreasonable as an accommodation. *See Blanchet*, 27 F.4th at 1230–31. This Court therefore finds that the proposed amendment is not futile because Jacobs's additional allegations plausibly support an ADA failure-to-accommodate claim.

Jacobs's proposed PWDCRA claims (Counts III and IV), however, require a different result. Under Michigan law, an employer is not required to accommodate an employee by granting medical leave until an employee becomes able to perform the requirements of the position. *Kerns v. Dura Mech. Components, Inc.*, 618 N.W.2d 56, 64 (Mich. Ct. App. 2000). Jacobs alleges that she could perform her teaching duties before the acute episode and could resume those duties after medical leave and treatment. ECF No. 17-1 at PageID.189, 198–99. Her proposed PWDCRA claims identify temporary unpaid medical leave as the accommodation necessary to enable that return, but identify no accommodation that would have allowed her to continue performing her teaching duties during the acute episode. *Id.* Her allegation that the leave was temporary does not overcome this limitation under Michigan law. *See Kerns*, 242 Mich. App. at 15–16 (rejecting a proposed accommodation of short medical leave for surgery and recovery because the employer's accommodation duty did not extend to leave permitting the employee to regain the ability to perform his job). Accordingly, the proposed PWDCRA discrimination and accommodation

claims are futile. This Court will thus deny Jacobs leave to amend her PWDCRA claims.

MAS is also correct that Jacobs's proposed public-policy claim (Count V) is futile because MAS is entitled to governmental immunity. ECF No. 18 at PageID.252. Michigan law generally immunizes governmental agencies from tort liability arising from the exercise of a governmental function.[1] MICH. COMP. LAWS § 691.1407(1). Managing school personnel—including "terminating employees"—falls within a school district's statutory authority. *See* MICH. COMP. LAWS § 380.11a(3)(d). Governmental immunity applies to a claim for wrongful discharge in violation of public policy, even when the alleged discharge was intentional. *Cox v. Dep't of Transp.*, No. 278452, 2008 WL 4005027, at *2 (Mich. Ct. App. Aug. 28, 2008) (per curiam). Jacobs's proposed claim challenges MAS's decision to end her employment, a decision for which MAS is entitled to immunity. *See* ECF No. 17-1 at PageID.199–200. Pleading the claim in the alternative does not avoid that immunity. This Court therefore will deny leave to assert the proposed public-policy claim (Count V).

Having found good cause to modify the scheduling order, this Court finds that leave to amend is warranted under Civil Rule 15(a)(2). The proposed pleading

---

[1] There are several statutory exceptions, none of which apply here. *See, e.g.*, *Wesche v. Mecosta Cnty. Rd. Comm'n*, 746 N.W.2d 847, 853 n.10 (Mich. 2008).

supplies factual detail concerning the existing dispute and separately identifies discrimination and accommodation theories already reflected in the original allegations. *Compare* ECF No. 1 at PageID.2–8, *with* ECF No. 17-1 at PageID.189–200. The record does not establish that the filing omission was a tactical effort to delay adjudication, and there have been no repeated unsuccessful amendments. In these circumstances, Civil Rule 15's liberal amendment policy requires allowing the claims to be presented in the proposed pleading.

To ensure that the operative pleading is clear, Jacobs must file an amended complaint, ECF No. 17-1, consistent with this Opinion and Order (i.e., omitting proposed Counts III, IV, and V), within seven days. Upon that filing, MAS's motion for judgment on the original pleadings will be moot, and this Court will deny that motion. *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."); *see also Klein*, 581 F. Supp. 2d at 919 (noting that an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot" (citation omitted)). Should Jacobs fail to file the proposed amended complaint on time, however, MAS's original motion for judgment on the original pleadings will remain and this Court will address it at that time.

MAS sought a stay of discovery pending disposition of its motion for judgment on the pleadings. ECF No. 12. Because that motion will no longer remain pending upon the filing of an amended complaint, this Court likewise denies the requested stay as moot effective upon that filing. *See Carras*, 807 F.2d at 1289. This Order does not stay discovery or otherwise modify the existing discovery schedule.[2]

**B. Warning to Plaintiff's Counsel**

The decision to permit Jacobs to file an amended complaint does not excuse her counsel's handling of this matter. The amendment deadline had already passed when counsel prepared the package, and Aikens still failed for approximately *eight additional weeks* to discover that it had not been filed. ECF No. 17 at PageID.184–85. Aikens *must* maintain procedures sufficient to track deadlines, verify submissions, and ensure continuity during staffing changes. Those responsibilities remain with Aikens even when work is delegated within the firm. This Court observes that this is not the first time courts in this district have considered or imposed sanctions against Aikens for unacceptable conduct in the practice of law. *See Al-Ali v. CVS Pharmacy, Inc.*, No. 24-13046, 2025 WL 4688114, at *7–8 (E.D. Mich. Sept. 22, 2025) (collecting cases), *report and recommendation adopted by*

---

[2] This Court has received the parties' proposed stipulation to extend discovery. To afford MAS adequate time to respond to the amended pleading and complete discovery, this Court will permit the parties to submit a proposed revised scheduling order after the amended complaint is filed. This Court will favorably consider a reasonable request by MAS for additional time as needed.

2025 WL 637611, at *4 (E.D. Mich. Mar. 6, 2026) (adopting the recommendation to sanction Aikens and referring Aikens to the Chief Judge for disciplinary proceedings).

Therefore, Plaintiff's counsel, Carla Aikens, is expressly warned and on notice that further failures to comply with deadlines or court orders, or any other unjustified conduct causing undue delay, may result in sanctions against her, including monetary sanctions when authorized by the applicable rules or law. *See* FED. R. CIV. P. 16 (authorizing sanctions for failure to obey scheduling and other pretrial orders and providing for reasonable expenses caused by noncompliance, subject to the qualifications stated in the rule).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Modify the Scheduling Order and for Leave to File a First Amended Complaint, ECF No. 17, is **GRANTED IN PART and DENIED IN PART**. The pleading-amendment deadline is modified solely to permit Jacobs to file a First Amended Complaint consistent with this Opinion and Order, omitting proposed Counts III, IV, and V, **within seven days of this Order**.

It is further **ORDERED** that, effective upon the filing of that amended complaint, Defendant's Motion for Judgment on the Pleadings, ECF No. 11, and

Motion to Stay Discovery, ECF No. 12, are **DENIED AS MOOT and without prejudice**.

It is further **ORDERED** Plaintiff's counsel is expressly **WARNED AND ON NOTICE** that further noncompliance with deadlines or court orders, or any other unjustified conduct causing undue delay, may result in sanctions as described above. All other scheduling deadlines remain in effect.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 20, 2026